No. 29,128.

Bobby Scott et al., by Their Guardian, Frank Scott, *Appellants*, v. Jack Devine, a Sole Trader, doing business as Devine Coal Company, and Subscribers at Consolidated Underwriters, a Reciprocal Insurance Company, *Appellees*.

(284 Pac. 594.)

Opinion filed February 8, 1930.

*Phil H. Callery, James E. Callery* and *Caroline A. Lowe,* all of Pittsburg, for the appellants.

*C. O. Pingry, P. E. Nulton* and *G. L. Stevenson,* all of Pittsburg, for the appellees.

The opinion of the court was delivered by

Harvey, J.: This is an action on a policy or contract of reciprocal insurance. The trial court sustained a demurrer to plaintiffs' amended petition, and they have appealed.

The original petition was in one count, but in compliance with an

order of the court made on defendants' motion to separately state and number, the amended petition set forth the cause or causes of action in two counts. The petition alleges, in substance, that plaintiffs are the minor children and dependents of Peter Scott, deceased, who on February 16, 1927, while working as a coal miner for the defendant, Jack Devine, who was operating a coal mine, sustained fatal injuries under such circumstances that plaintiffs are entitled to compensation as his dependents under the workmen's compensation act as it existed prior to the amendment of that act by chapter 232 of the Laws of 1927; that the defendant, Subscribers at Consolidated Underwriters, with main office at Kansas City, Mo., a reciprocal insurance company composed of various individuals, partnerships or corporations, designated as Subscribers at Consolidated Underwriters, which subscribers were duly authorized under the laws of this state to exchange reciprocal or interinsurance contracts with each other covering losses such as here claimed, and that Jack Devine was a member of and one of the Subscribers at Consolidated Underwriters, and that his employees, including Peter Scott, were covered by the contract of insurance existing between such subscribers, a copy of which contract was attached to the petition. This contract in part reads:

"Subscribers at Consolidated Underwriters, hereinafter called underwriters, do hereby severally agree with the subscriber named in the schedule of warranties hereof, that whenever, within the contract period, bodily injuries (including death resulting therefrom) shall be accidentally inflicted upon any person or persons legally employed by the subscriber, as follows: ·

"Compensation coverage. 1. (a) To assume all of the obligations imposed upon this subscriber under the compensation law specified in the compensation indorsement attached hereto, in so far as such obligations apply to compensation or other benefits, on account of bodily injuries (including death resulting therefrom) accidentally inflicted upon such employees who are covered under this contract.

"Employer's liability coverage. 1. (b) To indemnify such subscriber by reason of the liability imposed by law upon him for damages on account of bodily injuries (including death resulting therefrom) accidentally inflicted upon such employees who are covered under this contract, but not in excess of the limits expressed in condition 22 of this contract.

"The foregoing agreements are subject to the following conditions:"

[Concerning which conditions there is no controversy here, and they need not be set out further than to say that Jack Devine was the subscriber named in the schedule of warranties, and that the compensation indorsement attached was the compensation law of the state of Kansas.]

The question presented here is whether this is a contract purely of indemnity, or whether it is a contract of insurance for the employee on which plaintiffs can maintain an action. If it is the former of these the demurrer properly was sustained, for this is not an action by Devine to recover something he has paid. The amended petition does not allege that Devine has paid anything, and we are told in the briefs that after the fatal injury to Peter Scott, Jack Devine was adjudged a bankrupt. If it is a contract of insurance directly for the benefit of employees, plaintiffs can maintain the action. Under paragraph 1 (a) of the contract above set out the underwriters agree "to assume all of the obligations imposed upon" the subscriber, Jack Devine, under the compensation law. Those obligations were, among others, to pay the dependents of a workman whose death was occasioned by accident arising out of and in the course of the employment. (R. S. 44-501.) When the underwriters assumed all the obligations of the subscriber they assumed that obligation. The contract, therefore, was much like the contract under consideration in *Robertson v. Labette County Comm'rs*, 122 Kan. 486, 252 Pac. 196, and contains a contract between the underwriters on the one hand, the employees of the subscribers on the other, obligating the underwriters to pay compensation to the employee, or to his dependents, measured by the compensation law.

Appellee contends that if the contract be given that construction it would be one that would not be authorized by our statute (R. S. 40-1101); that this statute limits the authority to exchange reciprocal or interinsurance contracts to those providing for indemnity only. We regard this interpretation of the statute as being too narrow. The remaining provisions of the statute (R. S. 40-1101 to 40-1111) make it clear that associations such as this are treated, with respect to their authority to do business, much as other insurance companies are. Such underwriters are under the supervision of the superintendent of insurance. The attorney, or agent, of the underwriters must file with the superintendent of insurance a verified declaration setting forth, among other things, "The kind or kinds of insurance to be effected or exchanged" (R. S. 40-1103, clause b), and must procure a certificate of authority to issue contracts of the character referred to in the act. (R. S. 40-1110.) The amended petition alleges that Subscribers at Consolidated Underwriters has been authorized and licensed to do business in this state. There is no reason to presume that the kind of insurance effected by the con-

tract before us was not submitted to and approved by the superintendent of insurance. There is nothing inherently wrong in so wording the contract as to provide pure indemnity to the employers, and also to assume the duties and obligations imposed by the workmen's compensation law which the employers owe to their employees. It must be remembered that the employer, Jack Devine, already under those duties and obligations by statute, became and was one of underwriters, and that all other persons, firms and corporations composing the underwriters were employers who had similar duties and obligations to their employees; their duties and obligations were in a sense mutual, and there is no reason why they should not make them reciprocal, if they so desired. The underwriters, having submitted this kind of a contract to the superintendent of insurance, which presumably was approved by him, and having been granted by him a certificate of authority to write it, and having obtained subscribers to it, and having collected premiums, or their equivalent based upon its obligations, are not now in position to urge a narrow interpretation of the statute which would preclude authority to write such a contract.

One other point must be noticed. The defendant, Subscribers at Consolidated Underwriters, filed not only a general demurrer to the amended petition, but a special demurrer, on the ground that two causes of action were improperly joined, the theory being that the amended petition stated one cause of action against Jack Devine under the workmen's compensation law, and a separate and distinct cause of action against the Subscribers at Consolidated Underwriters under the contract sued upon. The court sustained this special demurrer. We are asked to review the merits of that ruling. In view of the fact that Jack Devine has been adjudged a bankrupt and no personal judgment can be obtained against him, there are not many merits of the ruling left. The only effect of such a ruling is to require plaintiffs to proceed in separate petitions on the two causes of action improperly joined. (R. S. 60-709.) There is no reason why this case cannot proceed against the Subscribers at Consolidated Underwriters, it being now the only party defendant against whom liability can be enforced.

The judgment of the court below is reversed with directions to overrule the general demurrer to the petition and to proceed with the case as against the defendant Subscribers at Consolidated Underwriters.