# BURKE et al. v. INDUSTRIAL COMMISSION OF UTAH et al.

No. 4986.   Decided April 8, 1930.   (286 P. 623.)

*Irvine, Skeen & Thurman* and *Dey, Hoppaugh, Mark & Johnson,* all of Salt Lake City, for plaintiffs.

*George P. Parker,* Attorney General, *Logan M. Rich,* Assistant Attorney General, and *Young & Boyle,* of Salt Lake City, for defendants.

CHERRY, C. J.

Richard E. Godwin was killed by accident while engaged in painting structural steel at the Jordan steam plant of the Utah Light & Power Company, which was in course of construction, on July 8, 1929. His dependents claimed compensation for his death in proceedings before the Industrial Commission under the Workmen's Compensation Act. (Comp. Laws 1917, §§ 3061-3165) against James J. Burke & Co., a corporation, its insurer, the United States Fidelity & Guaranty Company, John W. Anderson, and his insurer, the Hartford Accident & Indemnity Company. The proceedings before the commission resulted in an award of compensation in favor of the dependents and against James J. Burke & Co. and its insurer, the United States Fidelity & Guaranty Company. The latter have brought the case here by writ of review.

That Godwin was killed in the course of his employment, and that his dependents are entitled to compensation, is not denied by the parties. The question of who is liable for the payment of the compensation is the only matter of dispute. The contending parties on this issue are James J. Burke & Co. and its insurer, as against Anderson and his insurer, with the insurers playing the major roles.

It is contended that the award made against James J. Burke & Co., and its insurer, cannot stand, because the deceased workman was employed by Anderson and not by Burke & Co. at the time of his fatal accident. Burke & Co.

is a general contractor and had a contract for the construction of the power plant referred to. A part of the work consisted of painting certain structural steel, which was subcontracted by Burke & Co. to John W. Anderson in writing, whereby Anderson agreed to furnish the material and labor and complete the work according to specifications for the fixed sum of $400. After the execution of the written contract, and before work thereunder was commenced, it was ascertained that Anderson, on account of his limited operations, could not obtain the workmen's compensation required by law to secure the payment of compensation to workmen engaged in the painting without paying a minimum premium of $205, which was more than he could afford to pay. Burke & Co. was a larger operator and employed more men and was thereby enabled to obtain the requisite insurance for a considerably less cost by combining it with its general coverage. The parties thereupon entered into the further oral agreement that Anderson and all other workmen employed on the painting job should be carried on the pay rolls of and paid their wages by Burke & Co.; that Burke & Co. should take care of the compensation insurance under its own insurance policy by reporting at the appropriate times the workmen engaged in painting and the wages paid them to its insurer as its own employees as the basis upon which the premium for its compensation insurance would be computed and finally adjusted; that if the amount paid out for wages on the payroll, plus the cost of insurance, should amount to less than $400, the difference would be paid by Burke & Co. to Anderson when the work was completed. Pursuant to this agreement the work was commenced, and the names of the workmen engaged on the painting job, including Godwin, were entered on the pay rolls of Burke & Co. as its employees, and their wages were paid by Burke & Co. Godwin, the deceased workman, was engaged by Anderson as his foreman and had charge of the painting job referred to. He had been employed on the painting job but a few days when he was killed.

Anderson had contracts for other and different jobs (none for painting structural steel), and his liability for compensation to his employees was insured by the Hartford Accident & Indemnity Company. It is a matter of dispute whether the liability for compensation for Godwin's death, should he be found an employee of Anderson, is covered by Anderson's insurance. There was an attempt at least by the insurer to exempt itself from liability for compensation to employees engaged in painting structural steel.

Shortly after the accident resulting in Godwin's death Burke & Co. made and filed with the Industrial Commission a formal written "First Report of Injury," wherein it was recited, among other facts, that Godwin had been fatally injured, and that James J. Burke & Co. was his employer; that he was employed as foreman of painters, and that his earnings per week were $55 working five and one-half days per week, and that his employer was insured under the compensation act in the United States Fidelity & Guaranty Company.

If the conclusion is permissible that Burke & Co. was the employer of the deceased workman, the award must be sustained. Against this conclusion it is contended that Anderson was an independent contractor and as such he, and not Burke & Co., was the employer of the workman who was killed.

It may be assumed that, if the matter stood upon the written contract alone without the subsequent modification, Anderson's relation to Burke & Co. would be that of an independent contractor. The legal relations of the parties, however, is a contractual one, and is to be deduced from the whole of the contract and the intention of the parties. Clearly, the parties intended to create a situation whereby Burke & Co. would be responsible for compensation to any workman engaged in the painting job who might be injured. To accomplish this end they agreed that both Anderson and the other workmen engaged in the painting job should be formally and expressly recognized

and designated as employees of and their wages paid by Burke & Co. We think it was competent for the parties to enter into such an agreement, and that the result of it was to constitute Burke & Co. the employer of the workmen, at least for the purposes intended. The insurer of Burke & Co. can have no valid objection to the arrangement. Its contract was to secure the payment of compensation awarded on account of injury to any workman employed by Burke & Co. during the term of the policy. The insurer had no voice in any contract of employment made by Burke & Co. Its liability was fixed by whatever contracts of employment the insured might make. It was entitled under its policy to a final report at the end of the policy period of the actual amount of remuneration earned by employees during such period upon which the premium for the insurance was to be computed and adjusted, and during the policy period had the right to inspect the employer's plant and books, etc., but aside from this it was not concerned in the particular contracts of employment made by Burke & Co. We see no possible harm to or imposition on the insurer by the agreement made between Burke & Co. and Anderson. It was proved that previously a similar agreement respecting another job had been agreed to between the same parties to which the same insurer gave its ready consent and which was fully executed. If the deceased workman had been directly employed by Burke & Co., there would be no question whatever of the liability of the insurer for the payment of the compensation. Wherein can it be harmed by the manner in which the workman was employed when its only interest in the matter was to have at the end of the policy period a true report of pay rolls upon which to fix its charge for insurance. And for this it depended upon Burke & Co., the insured. There was nothing involved in the transaction calculated to injure or prejudice the insurer. And nothing of that sort is claimed.

That Burke & Co. was the employer of Godwin, the deceased, at the time of his fatal injury, is further attested,

if not conclusively established so far as Burke & Co. is concerned, by its own written report of injury filed with the Industrial Commission in compliance with Comp. Laws Utah 1917, § 3156, as amended by Laws Utah 1919, c. 63, wherein the fact was expressly set forth. See *New Jersey F. & Plate Glass Ins. Co. v. Patterson* (Colo.) 284 P. 334.

We conclude that compensation was correctly awarded upon the basis that Burke & Co. was the employer of the deceased at the time of his injury and death.

Award affirmed.

STRAUP, ELIAS HANSEN, EPHRAIM HANSON, and FOLLAND, JJ., concur.