## FEDERAL SURETY CO. v. STATE INDUSTRIAL COM. et al.

No. 21120. Opinion Filed May 5, 1931.

Rehearing Denied June 9, 1931.

Ames, Cochran, Ames & Monnet, for the petitioner.

J. Berry King, Atty. Gen., for the respondents.

KORNEGAY, J. This is an original proceeding to review an award of the Industrial Commission. It is prosecuted by the insurance carrier alone. The employer is made a party defendant, as he refused to join in the application for review. The points at issue, that were decided adversely to the carrier by the Commission, as declared in the briefs and the testimony before the Commission, are that the accident did not come within the Workmen's Compensation Law because the employer had only one employee, and misrepresentations in getting the policy. The Commission held otherwise, and evidence is otherwise.

At the time of the accident, the original claimant was a carpenter, working on the building, and there was a man on the roof, engaged in shingling. The claimant had a fall, and fell against a shingling hatchet that the other employee was using about his work, and cut his hand very seriously, and resulted in an award that the Commission gave him.

The point was raised that, because the man engaged in shingling was receiving pay by so much a thousand shingles he put on, that therefore, the injury to the other man on the carpenter job did not come within the act. The Commission found otherwise. We scarcely see how they could have done differently from what they did.

Another point is raised that the insurance policy was gotten by misrepresentation of the employer. The Commission evidently found otherwise, and there was sharp conflict in the evidence. However, we will say that the policy, on its face, dated from 12:01 a. m., on the day the accident occurred. There was sharp conflict as to how the policy came to be issued, but all agree that several hours before the accident, the policy was applied for, and was issued on the second of October, 1929, and on its face was effective when the accident happened. When one examines the policy, it being a standard form apparently in use in Oklahoma, it will be found that the policy, on its face, purports to run from October 2, 1929, to October 2, 1930, at 12:01 o'clock a. m. standard time. Everybody agrees that it was applied for as early as 7 o'clock a. m., on

October 2nd, and before the accident occurred. The policy, on its face, appears to be for the benefit of the employee, and the employer, whoever he may be, is indemnified. At the same time, the employer is indemnified against damages recovered against him by reason of the accident.

The applicable provision of the policy appears to be in the first part of it. The language, omitting the name of the company, as found in the first part, on page 21 of the record, is as follows:

"Does hereby agree with this employer, named and described as such in the declarations forming a part hereof, as respects personal injuries sustained by employees, including death at any time resulting therefrom, as follows:

"One (a) to pay promptly to any person entitled thereto, under the Workmen's Compensation Law and in the manner therein provided, the entire amount of any sum due, and all installments thereof as they become due.

"(1) To such person because of the obligation for compensation for any such injury imposed upon or accepted by this employer under such of certain statutes, as may be applicable thereto, cited and described in an indorsement attached to this policy, each of which statutes is herein referred to as the Workmen's Compensation Law, and

"(2) For the benefit of such person the proper cost of whatever medical, surgical, nurse or hospital services, medical or surgical apparatus or appliances and medicines, or, in the event of fatal injury, whatever funeral expenses are required by the provisions of such Workmen's Compensation Law.

"It is agreed that all of the provisions of each Workmen's Compensation Law covered hereby shall be and remain a part of this contract as fully and completely as if written herein, so far as they apply to compensation or other benefits for any personal injury or death covered by this policy, while this policy shall remain in force. Nothing herein contained shall operate to so extend this policy as to include within its terms any Workmen's Compensation Law, scheme or plan not cited in an indorsement hereto attached.

"One (b) to indemnify this employer against loss by reason of the liability imposed upon him by law for damages on account of such injuries to such of said employees as are legally employed wherever such injuries may be sustained within the territorial limits of the United States of America, or the Dominion of Canada. In the event of the bankruptcy or insolvency of this employer the company shall not be relieved from the payment of such indemnity hereunder as would have been payable but for such bankruptcy or insolvency."

The policy is lengthy, and for that reason is not here set out in full, but there are clauses in it indicating that it was made for the benefit of the laborer, who, under our Compensation Law, was entitled to receive compensation for an injury of the kind found to have occurred by the Commission in this case.

Paragraph D of the policy, found on page 24 of the record, is as follows:

"D. The obligations of paragraph one (a) foregoing are hereby declared to be the direct obligations and promises of the company to any injured employee covered hereby, or, in the event of his death, to his dependents; and to each such employee of such dependent the company is hereby made directly and primarily liable under said obligations and promises. This contract is made for the benefit of such employees or such dependents and is enforceable against the company, by any such employee or such dependent in his name or on his behalf, at any time and in any manner permitted by law, whether claims or proceedings are brought against the company alone or jointly with this employer. If the law of any state in which the policy is applicable provides for the enforcement of the rights of such employees or such dependents by any commission, board or other state agency for the benefit of such employees or such dependents, then the provisions of such law are made a part hereof, as respects any matter subject thereto, as fully as if written herein. The obligations and promises of the company as set forth in this paragraph shall not be affected by the failure of this employer to do, or refrain from doing, any act required by the policy; nor by any default of this employer after the accident in the payment of premiums or in the giving of any notice required by the policy or otherwise; not by the death, insolvency, bankruptcy, legal incapacity or inability of this employer, nor by any proceeding against him as a result of which the conduct of this employer's business may be and continue to be in charge of an executor, administrator, receiver, trustee, assignee, or other person."

Under these conditions, we do not believe the Commission was in error in finding that the policy covered the accident. However as the question involved was largely a question of fact, and as the evidence was in such sharp conflict, we should not disturb the finding on that point.

The award is therefore affirmed, and it appearing that a supersedeas bond was given in the case, the proceedings are remanded to the Commission, with directions to carry the award into effect.

RILEY, HEFNER, SWINDALL. AN-

146

DREWS, and McNEILL, JJ., concur. LESTER, C. J., and CLARK, V. C. J., absent. CULLISON, J., dissents.