## No. 30,149.

J. C. MURPHY, *Appellant,* v. THE CONTINENTAL CASUALTY COMPANY, *Appellee.*

(7 P. 2d 84.)

Opinion filed January 30, 1932.

*J. M. Stark,* of Topeka, for the appellant.

*Irwin Snattinger, Hugh T. Fisher* and *E. B. Smith,* all of Topeka, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action on an insurance policy issued under the workmen's compensation law. The employer is not a party defendant. The trial court sustained a demurrer to plaintiff's petition, and he has appealed.

Briefly, the petition alleges that in January, 1929, plaintiff was a laborer in the employ of W. O. Cook, doing business as the Cook Construction Company; that plaintiff and his employer were operating under the provisions of the workmen's compensation act; that the defendant herein, the Continental Casualty Company, was the employer's insurance carrier; that on January 19, 1929, while so employed, and while pouring cement into a mixer, a sudden gust of wind blew cement into both of his eyes; that the sight of his right eye was destroyed within a few hours and was thereafter removed; that the sight of the left eye was seriously impaired, and that his injuries constituted total and permanent disability, for which he was entitled, under the workmen's compensation law, to $11.52 per week for 415 weeks; that because of inaccurate and false statements as to the extent of his injuries by the doctor employed by defendant to treat plaintiff's injury, and by the agent of defendant, plaintiff, on February 25, 1929, made a contract of settlement and executed a final receipt for compensation for the loss of plaintiff's right eye only, and that defendant's physician and agent falsely concealed from the compensation commissioner the condition of plaintiff's injury to his left eye; that thereafter, and after learning the true condition, plaintiff applied to the commissioner of compensation for a reconsideration of the settlement and an examination into the extent of plaintiff's injuries, which application was denied, and by reason thereof plaintiff is entitled to recover from the defendant herein the full compensation he was entitled to, less the sum previously paid for the loss of one eye. A copy of the insurance policy was not attached to the petition, but it is alleged that the policy contained provisions authorizing an action to be brought directly against the insurance company by an injured workman. The petition contained a second cause of action, which made the most of the first a part of it, and further alleged that plaintiff did not attempt to perform labor for more than ninety days after his injury and did not discover, within that period, that the representations and statements made by the agent and physician of defendant

were false and fraudulent, but upon discovering the true condition he promptly made his application to the commissioner of workmen's compensation for a reconsideration of the settlement and the extent of his injuries; that by reason of the matters alleged he had sustained damages, including exemplary damages, in a sum stated.

It is clear from the petition that the claim for compensation for injury to the left eye, or because of such injury, was not made to his employer, or presented to the compensation commissioner until later than ninety days after the date of the alleged accidental injury, and it was for that reason plaintiff was denied compensation for the alleged injury to the left eye. The controversy involving that matter was determined finally. in this court (*Murphy v. Cook Construction Co.*, 130 Kan. 200, 285 Pac. 604).

Conceding that claim for compensation, because of injury to the left eye, was not made within the time required by the statute (R. S. 1931 Supp. 44-520a), as he must, because that specific question was determined in *Murphy v. Cook Construction Co.*, supra, appellant stresses the alleged provisions of the policy of insurance which authorized the workman to bring an action directly upon the policy, and in that connection cites and relies upon *Robertson v. Labette County Comm'rs*, 122 Kan. 486, 252 Pac. 196; *Iott v. Continental Casualty Co.*, 129 Kan. 650, 284 Pac. 823; and *Scott v. Devine*, 129 Kan. 808, 284 Pac. 594; 132 Kan. 834, 297 Pac. 669. But in each of those cases the opinion of the court discloses that claim for compensation was made within the time provided by statute. In the Robertson and Iott cases the injury for which recovery was sought was not compensable under the workmen's compensation law. In the Scott case the employer became a bankrupt, and the question was whether the action could proceed against the insurance carrier alone. But the procedure conformed to the workmen's compensation law then in force. Here plaintiff seeks to recover for injuries compensable under the act, and the procedure must conform thereto.

Our workmen's compensation act requires the employer to carry insurance for the benefit of his workmen, unless, by showing made, he is authorized to carry his own risk as a self-insurer (R. S. 1931 Supp. 44-532), or provides an approved substitute scheme of compensation (R. S. 1931 Supp. 44-537). With respect to the form of the policy, the statute provides (R. S. 1931 Supp. 44-559):

"Every policy of insurance against liability under this act shall be in accordance with the provisions of this act and shall be in a form approved by

the commissioner of insurance. Such policy shall contain an agreement that the insurer accepts all of the provisions of this act, that the same may be enforced by any person entitled to any rights under this act as well as by the employer, that the insurer shall be a party to all agreements or proceedings under this act, and his appearance may be entered therein and jurisdiction over his person may be obtained as in this act provided, and such covenants shall be enforceable notwithstanding any default of the employer."

We note this statute requires the policy to contain an agreement "that the same may be enforced by any person entitled to any rights under this act as well as by the employer," hence 'the provision authorizing an injured workman, or his dependents, to proceed directly against the insurance carrier is required to be in all policies of this character. The statute further provides "that the insurer shall be a party to all agreements or proceedings under this act," hence is a party to the proceedings before the compensation commissioner. To sustain plaintiff's position, as urged in this case, would require us to hold that an injured employee could ignore the requirement that a written claim for compensation be made within a definite time, as required by the statute, and could pay no attention to the employer, and any time within a year or two after the accidental injury, the time being limited only by the general statute of limitations, he could maintain an action against the insurance carrier on the insurance policy. Such a holding would destroy the workmen's compensation act, or at least its administration, for it would leave the workmen's compensation commissioner nothing which he necessarily had to do. We cannot accept such an interpretation. The cases relied upon by appellant do not require or authorize such a conclusion.

Appellant contends, in effect, that the petition states a common-law action for damages because of the alleged fraud of defendant's physician and agent, as a result of which he was induced to execute a final receipt upon payment for the loss of one eye only. Perhaps, as argued by appellee, the petition does not allege facts sufficient for such an action. But we pass that thought. The statute (R. S. 1931 Supp. 44-527) provides a procedure which may be brought at any time within one year for setting aside a final receipt. Under this statute the compensation commissioner has jurisdiction to hear and determine an application to set aside an agreement, or final receipt, upon the grounds of mutual mistake, fraud, or misrepresentation. (*Walker v. Kansas Gasoline Co.*, 130 Kan. 576, 287 Pac.

235.) No proceedings were had under this statute. Our workmen's compensation law provides a compensation procedure of its own. In *Norman v. Consolidated Cement Co.*, 127 Kan. 643, 649, 274 Pac. 233, it was said:

"In a comprehensive statute the legislature manifestly undertook to cover every phase of the right to compensation and of the procedure for obtaining it. It provided an administrative method in order to avoid the delay resulting from prolonged litigation and the uncertainty and expense attending it. . . . The substituted remedy being complete with a procedure of its own, it must be regarded as exclusive."

By virtue of this statute, as interpreted by this court, if plaintiff thought the final receipt was obtained by fraud he should have applied to the compensation commissioner to set it aside for that reason.

From this analysis of plaintiff's petition it is clear that it failed to state a cause of action. The demurrer to it was properly sustained.

The judgment of the court below is affirmed.