No. 30,321.
No. 30,509.

B. I. McGuire, *Appellee*, v. The United States Fidelity and Guaranty Company, *Appellant*.

(8 P. 2d 389.) .

Opinion filed March 5, 1932.

*Robert C. Foulston, George Siefkin, Sidney L. Foulston, Lester L. Morris, George B. Powers, Carl T. Smith* and *C. H. Morris,* all of Wichita, for the appellant.

*J. Graham Campbell, W. M. Glenn* and *Clifford E. Branch,* all of Wichita, for the appellee.

The opinion of the court was delivered by

Sloan, J.: This action was brought by an employee against the insurance carrier to recover compensation under the workmen's compensation law. The plaintiff recovered, and the defendant appeals.

It was alleged in the petition, and found by the court, that the appellant was the insurance carrier; the Mosbacher Motor Company, the employer; and the appellee, the employee, all subject to and operating under the terms and provisions of the workmen's compensation act; that the appellant issued to the employer its standard workmen's compensation and employer's liability policy, which had attached thereto and made a part thereof the Kansas

compensation indorsement which fully complied with the workmen's compensation act, and had the approval of the commissioner of insurance; that said policy was in full force and effect on October 11, 1929, on which date the appellee sustained a traumatic hernia by accident arising out of and in the course of his employment.

The principal question is whether an employee may maintain a suit direct in the district court against the insurance carrier when the relationship of the parties and the injury complained of brings them within the provisions of the workmen's compensation act.

The act grew out of the recognition that the common-law remedies for injured workmen were inadequate, unscientific and unjust (*Mc-Roberts v. Zinc Co.*, 93 Kan. 364, 144 Pac. 247). It was passed for the benefit of the employee, the employer and the public. (*Cramer v. Railways Co.*, 112 Kan. 298, 211 Pac. 118.) The act affords remedies for the parties complete within itself, and provides its own procedure. (*Palmer v. Fincke*, 122 Kan. 825, 253 Pac. 583; *Frary v. Roxana Petroleum Corp.*, 132 Kan. 854, 297 Pac. 668.)

The appellee cites as authority in support of the decision of the trial court *Robertson v. Labette County Comm'rs*, 122 Kan. 486, 252 Pac. 196; *Iott v. Continental Casualty Co.*, 129 Kan. 650, 284 Pac. 823; *Scott v. Devine*, 129 Kan. 808, 284 Pac. 594; *Samson v. United States Fidelity and Guaranty Co.*, 131 Kan. 59, 289 Pac. 427. It will be noted in these cases that the employment was not within the provisions of the workmen's compensation act, and consequently its remedies were inapplicable. The act was considered in these cases as part of the contract existing between the parties. In this case the employment and the injury complained of are within the terms of the act. The remedy is applicable and the procedure adequate.

The statute requires the employer to carry insurance for the benefit of the workman, unless, by showing made, the commissioner permits him to carry his own insurance (R. S. 1931 Supp. 44-532) or provides an approved substitute scheme of compensation (R. S. 1931 Supp. 44-537). The insurer is subrogated to the rights and duties of the employer under the act so far as applicable. (R. S. 1931 Supp. 44-532.) The act provides the conditions which the policy shall contain and the form of the policy is subject to the approval of the commissioner of insurance, and the insurer is a party to all agreements and proceedings under the act. (R. S. 1931 Supp. 44-532.) The employee is provided with an adequate remedy

and a procedure to enforce his rights, and if this may be disregarded and an action filed direct in the district court against the insurance carrier, the purpose of the act fails, and the machinery set up by the state to administer the act, make adjustments and in a summary way settle controversies, is useless.

In the very recent case of *Murphy v. Continental Casualty Co.*, 134 Kan. 455, 7 P. 2d 84, this court said:

"Our workmen's compensation statute requires that the insurance policy of the employer contain a provision that the same may be enforced by any person entitled to any rights under the act as well as by the employer. Construing this statute, it is held that proceedings by the workman against the insurance carrier for injuries compensable under the act must be before the compensation commissioner and in harmony with the procedure outlined by the compensation act." (Syl. ¶ 1.)

We conclude, where the employment and the injury are within the workmen's compensation act, that the remedy and procedure provided therein are exclusive, and the district court is without jurisdiction to entertain an action at the instance of the employee against the insurance carrier until the remedies provided in the act have been exhausted.

The judgment of the district court is reversed, and the court is directed to dismiss the action at the cost of the plaintiff.