No. 30,663.

JOHN DOLLAR, *Appellee*, v. GENERAL ACCIDENT, FIRE AND LIFE ASSURANCE CORPORATION, LIMITED, *Appellant*.

(15 P. 2d 449.)

Opinion filed November 5, 1932.

*Thomas F. Doran, Clayton E. Kline, Harry W. Colmery, M. F. Cosgrove,* all of Topeka, *A. B. Keller, George R. Malcolm* and *C. A. Burnett,* all of Pittsburg, for the appellant.

*Sylvan Bruner,* of Pittsburg, *Thomas D. Winter,* of Girard, and *Douglas Hudson,* of Fort Scott, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one by a workman to recover on an insurance policy issued to the workman's employer. A demurrer to the petition was overruled, and defendant appeals.

The application for insurance was made by the Two Six Coal Company, which was engaged in coal mining. The application was for a group accident policy, represented the applicant had accepted and would continue to operate under the workmen's compensation act, and agreed that the insurance applied for should cover occupational accidents only, compensable under the workmen's compen-

sation act. The policy issued pursuant to the application contained, among others, the following provisions:

Whereas, Two Six Coal Company, hereinafter called the 'insured,' of Pittsburg, Kan., a copartnership, is a self-insurer of their obligation to their employees under the workmen's compensation act in the state in which . . . employees are located; and, .

"Whereas, The said Two Six Coal Company desires to secure indemnity against loss, other than for death, resulting from certain accidental bodily injuries as hereinafter defined, limited and provided, sustained by an employee hereinafter called the 'insured employee';

"Now, Therefore, In consideration thereof, the statements in the application and the payment by the 'insured' of a monthly premium in advance of three and no/100 dollars ($3.00) for each 'insured employee' named in the 'schedule of insured employees' attached hereto, the General Accident Fire and Life Assurance Corporation, Ltd., United States offices, Philadelphia, Pa. (hereinafter called the 'corporation'):

### PART I.

"Does hereby insure, subject to all of the conditions, provisions and limitations hereinafter contained, against loss resulting solely from bodily injuries, effected directly and independently of all other causes through external, violent and accidental means, sustained by an 'insured employee' while engaged in the duties of his occupation (injury sustained while going to or from work, or sustained at any time while not actually performing duties for the 'insured,' is not covered), and further, sustained in the course of and arising out of his employment and compensable under workmen's compensation (bodily injuries sustained as limited and defined in this part referred to hereinafter as 'such injury'), as follows:

"Principal sum, one thousand dollars ($1,000).

"Monthly accident indemnity, eighty dollars ($80)."

Part II contained a schedule of specific losses. Part III related to monthly accident indemnity in case of total disability. A section of the policy contained "provisions."

Provisions 3 and 4 related to notice by or on behalf of the insured of injury on which claim might be based, and provided for notice within twenty days after date of accident causing injury, or reasonable notice if notice within twenty days was not reasonably possible. Provision 5 was that on receipt of notice the corporation would furnish to the insured forms for proof of loss, and in case forms were not furnished within twenty days, the "claimant" might submit written proof covering occurrence, character and extent of loss. Provision 6 related to time for making proof of loss. Provision 7 was that the corporation should have privilege and op-

portunity to examine the person of the insured employee during pendency of claim, and right to make an autopsy in case of death. Provisions 8, 9 and 10 were as follows:

"8. The indemnities provided in this policy for loss other than that of the time on account of disability, will be paid immediately after receipt of due proof.

"9. Upon request of the 'insured,' and subject to due proof of loss, all accrued indemnity for loss of time on account of disability will be paid at the expiration of each month during the continuance of the period for which the corporation is liable, and any balance remaining unpaid at the termination of such period will be paid immediately upon receipt of due proof.

"10. All indemnities of this policy are payable to the 'insured' for the benefit of the 'insured employee.' The 'insured' may, at any time, release the corporation on any claim arising under this policy."

The policy contained no provision that action should not be brought except to reimburse for loss actually sustained and paid.

The foregoing is sufficient to indicate the general nature of the policy. The corporation contends the policy was one indemnifying the employer against loss only, and the policy did contain terms which, considered alone, would warrant such an interpretation.

At the time the policy was issued, the coal company was an employer operating under the workmen's compensation act. The workmen's compensation act contained the following provision:

"Every employer shall secure compensation to his employees by insuring in one of the following ways, namely: First, by insuring and keeping insured the payment of such compensation with any stock corporation or mutual association or reciprocal or interinsurance exchange or association authorized to transact the business of workmen's compensation insurance in the state of Kansas; or, second, by showing to the commission that said employer carries his own risk, and is what is known as a self-insurer, and by furnishing proof to the commission of his or its financial ability to pay such compensation for himself or it." (R. S. 1931 Supp. 44-532.)

The policy stated the coal company was a self-insurer of its obligations to employees under the workmen's compensation act. Whether the insurer made showing to the workmen's compensation commissioner that it carried its own risk, together with proof of financial ability to pay compensation as the statute required, is not stated. If the coal company was not recognized by the compensation commissioner as a self-insurer, a fact of public record with which the insurer was charged with notice, the policy must be regarded as issued to comply with the statutory obligation of the employer to insure payment of compensation. If the coal company

was a recognized self-insurer, the subject of the policy sued on is compensation to an injured employee, and not merely damages suffered by the employer.

The policy does not say it insures against loss sustained by the coal company resulting from payment by the coal company of compensation to an injured employee. The insurance is against loss resulting from bodily injuries, effected by accident, sustained by an injured employee. Nobody could sustain that loss but the injured workman. Under the terms of the policy the employer could suffer no loss to be paid by the insurer to the employer except compensation to an injured employee. The notion that the coal company insured against detriment to prosecution of coal mining because a man was off duty on account of an accident is utterly untenable. Any sum payable by the insurer was not, however, payable for the benefit of the employer to recoup for loss sustained, but was payable for the benefit of the injured employee. He was the beneficial object of the policy. Because the subject of workmen's compensation insurance is carefully covered by statute for the special protection of employees, terms in a policy indicating indemnity against loss must yield to even slight indication that the indemnity was against liability (*Gust v. Provident Life & Accident Ins. Co.,* 136 Kan. 88, 12 P. 2d 831); and in this instance, on default of the employer to pay compensation the insured employee was privileged to enforce the policy.

In what is called a counter abstract it is shown that the workman regularly procured an award of compensation by the commissioner of compensation, that because the coal company was not a self-insurer and carried no compensation insurance an award of a lump sum was made, and that by proceedings in the district court the award was reduced to judgment in a lump sum. The petition, against which demurrer was interposed, does not contain a word about any of these proceedings. The petition merely alleges employment and injury, and then undertakes to base a cause of action on the policy. In the case of *McGuire v. United States F. & G. Co.,* 134 Kan. 779, 8 P. 2d 389, the syllabus reads:

"Where the employment and injury are within and controlled by the workmen's compensation act, the employee cannot maintain an action in the courts against the insurance carrier until he has exhausted the remedies provided in the act."

The opinion contains a quotation to the same effect from the

opinion in *Murphy v. Continental Casualty Co.*, 134 Kan. 455, 7 P. 2d 84, and a petition which does not plead resort to proceedings under the workmen's compensation act does not state a cause of action.

The judgment of the district court is reversed, and the cause is remanded with direction to sustain the demurrer to the petition.