No. 31,270

BERT AUSTIN, *Appellee*, v. PHILLIPS PETROLEUM COMPANY, *Appellant*.

(25 P. 2d 581.)

Opinion filed October 7, 1933.

*C. W. Roberts,* of Winfield, *R. H. Hudson* and *R. B. F. Hummer,* of Bartlesville, Okla., for the appellant.

*W. L. Cunningham, D. Arthur Walker, Fred G. Leach* and *Wm. E. Cunningham,* all of Arkansas City, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: This is an action for damages for the breach of an alleged parol agreement. There was a jury trial, verdict and judgment for plaintiff for $2,100, and defendant has appealed.

The record discloses that on August 13, 1928, while plaintiff was employed by defendant, and both operating under the workmen's compensation act, plaintiff received an injury by an accident arising out of and in the course of his employment, in which a heavy trip spear fell and struck plaintiff on his right leg between the knee and ankle, fracturing a bone and injuring the muscles, tendons, nerves, tissues and flesh. The injury was one to the foot, as that term is defined by our workmen's compensation act, R. S. 1931 Supp. 44-510 (3) [c] (13), (16) and (19). Defendant recognized

its liability under the workmen's compensation act and began paying compensation at the rate of $18 per week, the maximum provided by statute [(19) *supra*], and continued such payments until July 5, 1929, at which time it ceased making payments in order that there might be a hearing to determine its further liability. Soon thereafter plaintiff filed his claim for compensation with the compensation commissioner. There was a hearing in September, 1929, at which time the compensation commissioner found plaintiff had sustained an injury to the foot compensable under the workmen's compensation act, and allowed compensation for 24 weeks in addition to what had been paid, the amount then accrued to be paid in a lump sum and the remainder at $18 per week. Neither party appealed from this award. The defendant made the payments as directed in the award, and with its check for the last payment sent a final receipt to be signed by the workman. He accepted the check for the payment but declined to sign the receipt, and thereafter brought this action April 23, 1931. The total paid plaintiff by defendant was $2,182.25, plus hospital and doctor bills; the maximum which could have been allowed by the compensation commissioner for the loss of the foot was $2,250.

In the petition there were allegations outlining the matters above stated, and it was alleged that before final payment of the award defendant orally agreed with plaintiff, if he would forbear the prosecution of his claim for additional compensation and the making of an application for a review or modification of the award, which would necessitate expense to defendant, that defendant in consideration of such forbearance would continue paying the plaintiff the sum of $18 per week as long as plaintiff's disability and inability to work continued, and that this agreement had been breached to plaintiff's damage in the sum of $2,808.

Defendant's demurrer to this petition was overruled and defendant answered. A trial followed, with the result as above stated.

Appellant argues that the petition did not state, and plaintiff's evidence in support of it did not establish, a cause of action. It is well settled that the workmen's compensation act establishes a procedure of its own (*Norman v. Consolidated Cement Co.*, 127 Kan. 643, 274 Pac. 233; *Murphy v. Continental Casualty Co.*, 134 Kan. 455, 7 P. 2d 84; *Fougnie v. Wilbert & Schreeb Coal Co.*, 130 Kan. 410, 286 Pac. 396), and that it furnishes the exclusive remedy for a workman and the exclusive liability of his employer for injuries com-

pensable under the act. (See *Echord v. Rush*, 122 Kan. 260, 251 Pac. 1112; 124 Kan. 521, 261 Pac. 820; *Leebolt v. Leeper*, 128 Kan. 61, 275 Pac. 1087, and cases cited therein.)

It is further definitely determined that the award of the compensation commissioner, if not appealed from, is an adjudication of the rights and liabilities of the parties, and is open to review and modification or to be set aside only in the manner provided by the compensation act. (*Lenon v. Standard Oil Co.*, 134 Kan. 289, 5 P. 2d 853; *Walz v. Missouri Pac. Rld. Co.*, 130 Kan. 203, 285 Pac. 595.) It is true, as argued on behalf of plaintiff, that under the compensation act the parties might agree on the amount of compensation and the manner in which it should be paid without submitting the matter to the compensation commissioner, and such agreement if filed with and approved by the compensation commissioner would be binding, in the absence of fraud or other reason which would justify setting it aside. (*Walker v. Kansas Gasoline Co.*, 130 Kan. 576, 287 Pac. 235; *Hurst v. Independent Construction Co.*, 136 Kan. 583, 16 P. 2d 540.) The statute further provides, "Any award of compensation may be modified by subsequent written agreement of the parties . . ." (R. S. 1931 Supp. 44-526.) In other words, when an award has once been made by the compensation commissioner and has become final, either because it was not appealed from, or was appealed from and affirmed, it is a binding adjudication upon the rights and liabilities of the parties which they may modify only by a subsequent written agreement. There is no contention that there was a subsequent written agreement in this case; hence the plaintiff's case necessarily fails.

Other questions are argued in the briefs, but in the view we have taken of the question determined it is not necessary to consider them.

The judgment of the court below is reversed with directions to enter judgment for defendant.