No. 22,280.

WILLIAM WOLF, *Appellee*, v. THE CUDAHY PACKING COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

1. COMPENSATION ACT—*Injuries—Release—Mutual Mistake.* There was evidence that tended to show a mutual mistake of fact.

2. SAME—*Citizens of Germany—May Sue Under Compensation Act.* A citizen of Germany, who came to this country in 1885 and then took out his first naturalization papers, which were subsequently destroyed by fire, and who, previous to and at the time of the declaration of war with Germany, was working for one of the packing-house companies of Kansas City, and who immediately after that declaration was, by the federal authorities, given a permit to reside in the packing-house district, and to work for the packing house, is not declared to be an alien enemy by the act of congress of October 6, 1917 (Stat. of U. S., 65th Congress, 1st Session, 1917 [40 U. S. Stat. at Large], ch. 106, § 2), and is entitled to prosecute an action under the workmen's compensation act of this state.

Appeal from Wyandotte district court, division No. 3; WILLIAM H. McCAMISH, judge. Opinion filed July 5, 1919. Affirmed.

*J. E. McFadden,* and *O. Q. Claflin, jr.,* both of Kansas City, for the appellant.

*W. W. McCanless, Charles E. Thompson,* and *H. F. Gorsuch,* all of Kansas City, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The defendant appeals from a judgment against it under the workmen's compensation acts of 1911 and 1913. At the time of the injury to plaintiff, and at the time of commencing this action, the plaintiff was a citizen of Germany, but had come to this country in 1885, and had then taken out his first naturalization papers, which were afterward lost in a fire. He had been employed by the defendant for some time previous to the declaration of war with Germany, and immediately after that declaration he was, by the federal authorities, given a permit to reside in the packing-house district in Kansas City and work for the packing house. While employed by the defendant, the plaintiff received an accidental injury, which has resulted in his permanent disability. He was treated by the defendant's physician, with whom the plaintiff made a settlement of his claim against the defendant for $114.70, and signed a written release of all further claims against the defendant on account of the injury. The release was also signed by the physician, as a witness, and was filed in the office of the clerk of the district court of Wyandotte county. To avoid the settlement and release, the plaintiff pleaded a mutual mistake of himself and of the physician.

1. The defendant contends that "no testimony whatever was offered as to a mutual mistake of fact existing at the time the release was signed." The plaintiff testified, in substance, that the physician had told him to go to work, and to work his hand, and it would be all right; and that under these circumstances he made the settlement and signed the release. There was evidence which strongly tended to show that the physician told the plaintiff that the hand would never get well, but there was other evidence sufficient to warrant the jury in finding

that the physician had told the plaintiff that the hand would get well and be as good as ever. If the physician was honest— and honesty must be attributed to him—and if he made the statements testified to by the plaintiff, he must have been mistaken. If both the plaintiff and the physician were mistaken as to the extent of the plaintiff's injury, the settlement and release ought not to bind the plaintiff. (*Weathers v. Bridge Co.*, 99 Kan. 632, 162 Pac. 957; *Smith v. Kansas City*, 102 Kan. 518, 171 Pac. 9.)

2. The defendant argues that the plaintiff cannot recover because he was an alien enemy at the time of his injury, and when this action was commenced. An examination of the alien-enemy act of October 6, 1917, and of the president's proclamation thereunder, reveals that this argument is not sound. The act, cited by the defendant, so far as it is material for this discussion, reads:

"Enemy, as used herein, shall be deemed to mean, for the purposes of such trading and of this act—

"(a) Any individual, partnership, or other body of individuals, of any nationality, resident within the territory. (including that occupied by the military and naval forces) of any nation with which the United States is at war, or resident outside the United States and doing business within such territory, and any corporation incorporated within such territory of any nation with which the United States is at war or incorporated within any country other than the United States and doing business within such territory.

.        .        .        .        .        .        .        .        .        .        .        .        .

"(c) Such other individuals, or body or class of individuals, as may be natives, citizens, or subjects of any nation with which the United States is at war, other than citizens of the United States, wherever resident or wherever doing business, as the President, if he shall find the safety of the United States or the successful prosecution of the war shall so require, may, by proclamation, include within the term 'enemy.'" (Act of Oct. 6, 1917, Stat. of U. S., 65th Congress, 1st Session [40 U. S. Stat. at Large], ch. 106, § 2.)

The plaintiff was not an alien enemy within the meaning of the act. He was not a resident of the territory of any nation with which the United States was at war, but was a resident of the United States. No proclamation has been cited, and the court is unable to find any, declaring that persons situated as was the plaintiff, cannot sue in any of the courts of the United States.

A note on "Alien Enemies as Litigants," found in L. R. A. 1918 B, 189, begins with the following language:

"While an alien enemy can neither institute an action during the continuance of the war, nor prosecute an action instituted before its commencement, such disability continues only while he is abiding in his own country; and, accordingly, does not exist where he is permitted to enter or remain in the country in which suit is brought. 'A lawful residence implies protection and a capacity to sue and be sued.'"

The citizenship of the plaintiff does not bar his recovery, and the judgment is affirmed.