No. 29,300.

A. L. WALKER, *Appellee*, v. THE KANSAS GASOLINE COMPANY and THE ÆTNA LIFE INSURANCE COMPANY, *Appellants*.

(287 Pac. 235.)

Opinion filed May 3, 1930.

*Albert Faulconer, Kirke W. Dale, C. L. Swarts*, all of Arkansas City, and *E. L. Kearney*, of Kansas City, Mo., for the appellants.

*W. L. Cunningham, D. Arthur Walker, Fred G. Leach* and *Wm. E. Cunningham*, all of Arkansas City, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is an appeal from an order setting aside a release and modification of an award made by the commissioner of the workmen's compensation law on June 17, 1927. A. L. Walker was an employee of The Kansas Gasoline Company and was accidentally injured in the course of his employment, with the result that he was permanently and totally disabled. He was engaged in

laying a gas pipe near Winfield, and while lowering the pipe in a ditch the men helping in the work let loose of the pipe, so that the whole weight rested upon him, resulting in a severe injury to his back. He was taken to a hospital, where he was treated for a considerable time. After the accident the Ætna Life Insurance Company, the insurance carrier for the gasoline company, began making compensation payments upon the basis of an average weekly wage of $28, and continued paying him $16.80 a week until July 22, 1927, when the company ceased making payments. During that period $554.40 had been paid to Walker. Shortly after the payments ceased, and on August 23, 1928, Walker filed a claim for compensation with the commission, alleging total permanent disability had resulted from the injury, and after notice to the defendant a hearing was had upon the claim before the commissioner. At that hearing much medical testimony was given by doctors who had examined and treated him and upon which the commissioner found temporary total disability, holding that the disability was still total at the time of hearing, but finding that the probable duration of the disability would be eight weeks after the hearing. He awarded the claimant the total sum of $844.80 for the injury, $554.40 of which had been paid, and directed payments of the balance. Within three days an application to the commission for review of the award was made by Walker, supplemented by another a few days later, in which he alleged gross inadequacy of the award, stating that the disability was increasing and that it would be impossible for him to resume work at the time fixed by the commissioner as the time of recovery from the disability. Before the hearing of the application for a review, and on November 20, 1928, an agreement was made between the parties stipulating that the plaintiff would be paid $400 additional to the amount already received, making in all $954.40. The balance was paid and Walker signed a receipt and also a release of all claims for compensation for the injury. The receipt and release were approved by the commissioner, and an order of dismissal of the proceeding was made.

On March 26, 1929, Walker filed with the commission an application for a review and an order setting aside the receipt, in which he alleged that the final receipt and release had been obtained by fraud and mutual mistake, and stating that the settlement made was grossly inadequate and that he was entitled to compensation for permanent total disability. A hearing was had on this applica-

tion on April 22, 1929, at which time the testimony of a neutral physician was taken. Shortly after the hearing the commissioner made a decision canceling the receipt and release executed by the claimant upon the grounds of mutual mistake and awarding claimant temporary total disability not to exceed 415 weeks, deducting from that amount the sums already paid by the employer. An appeal was taken from this award to the district court, and that court on September 16, 1929, affirmed the award of the commissioner.

The defendants contend that there was no jurisdiction in the commission to set aside an award or an agreed settlement, although the compensation may be grossly inadequate or the agreement had been secured by fraud or mutual mistake. They urge that we must look to the compensation act alone to find power in the commission to set aside or modify an award or to set aside an agreement of a release from liability, and if it is not found in that act it does not exist, and the commission or the courts are powerless to supplement the act or provide such a remedy. It may be conceded that the compensation act was intended to be and is complete in itself, and for the parties who are within its provisions it is exclusive. (*Shade v. Cement Co.*, 92 Kan. 146, 139 Pac. 1193; *Norman v. Consolidated Cement Co.*, 127 Kan. 643, 274 Pac. 233.) The power to review or modify an award or set aside an agreement as to the compensation to be paid, if a right to it exists, must be found in the compensation act. From the original compensation law enacted in 1911 until the later enactment of 1927 it has been the legislative policy of the state to regulate compensation awards and agreements as well as releases from liability by modifications and cancellations through the machinery provided by the compensation law. (Laws 1911, ch. 218, §§ 28, 29, 32.) Amendments to the provisions as to agreements, releases and final receipts were slightly changed in chapter 226 of the Laws of 1917, §§ 14, 15. These provisions remained in force until the new law of 1927 was enacted, which took from district courts some of the powers which had been conferred on them and vested them in the commission, but that act retained the provisions as to modifications, reviews and cancellations of awards, releases and final receipts substantially as in the earlier statutes. The later act provides that:

"At the time of making any final payment of compensation the employer shall be entitled to a final receipt for compensation, executed and acknowl-

edged or verified by the workman, which final receipt may be in form a release of liability under this act, and every such final receipt for compensation or release of liability or a copy thereof shall be filed by the employer in the office of the commission within sixty (60) days after the date of execution of such final receipt or release of liability, and if the employer shall fail or neglect to so file such final receipt or release of liability, the same shall be void as against the workman. The commission shall accept, receipt for, and file every agreement, finding, award, agreement modifying an award, final receipt for compensation or release of liability or copy thereof, and record and index same, and every such agreement, finding, award, agreement modifying an award, final receipt or release, shall be considered as approved by the commission and shall stand as approved unless said commission shall, within twenty (20) days of the date of the receipt thereof, disapprove same in writing and notify each of the parties of its disapproval, giving its reasons therefor, sending a copy of the same to each of the parties by registered mail: *Provided,* No proceedings shall be instituted by either party to set aside any such agreement, release of liability, final receipt for compensation or agreement modifying an award, unless such proceedings are commenced within one (1) year after the date any such agreement, release of liability, final receipt for compensation or agreement modifying an award has been so filed and approved by the commission." (Laws 1927, ch. 232, § 27.)

This section provides for the final receipt and release of liability which is to be filed with the commission within sixty days after it is executed; the filing of the receipt and agreement and the keeping of a record of the same; the approval or disapproval by the commission within a fixed time, and the proviso that no proceedings shall be instituted by either party to set aside the agreement or release unless commenced within one year after the date of the agreement. Section 28 following provides for the review of an award or agreement for good cause shown where the award has been wrongfully obtained or the committee or arbitrator acted without authority or where the award is excessive or inadequate, providing that it may be modified upon such terms as may be just upon grounds that are stated. This covers all the provisions for compensation except where the award of compensation is a scheduled one. The section reads:

"At any time before but not after the final payment has been made under or pursuant to any award or modification thereof agreed upon by the parties, it may be reviewed by the commission upon good cause shown upon the application of either party, and in connection with such review the commission may appoint a physician or surgeon, or two physicians or surgeons to examine the workman and report to the commission and the commission shall hear all competent evidence offered and if it shall find that the award has been obtained by fraud or undue influence, or that the committee, or arbi-

trator, making the award acted without authority, or was guilty of serious misconduct, or that the award is excessive or inadequate, or that the incapacity or disability of the workman has increased or diminished, the commission may modify such award upon such terms as may be just by increasing or diminishing the compensation subject to the limitations hereinbefore provided in this act; and if the commission shall find that the workman has returned to work for the same employer in whose employ he was injured or for another employer and is earning the same or higher wages than he did at the time of the accident or injury, or is gaining an income from any trade or employment which is equal to or greater than the wages he was earning at the time of the accident or injury, or shall find that the workman has absented himself and continues to absent himself so that a reasonable examination cannot be made of him by a physician or surgeon selected by the employer, or has departed beyond the boundaries of the United States, the commission shall cancel the award and end the compensation: *Provided,* That the provisions of this section shall not apply to an award of compensation provided for in the schedule of specific injuries in section 10 of this act." (Laws 1927, ch. 232, § 28.)

It is to be observed that the steps provided for in section 27 are to be taken before the commission and section 28 provides for a review of the matters enumerated in section 27; that is, of an award or modification thereof agreed upon by the parties, and may be reviewed by the commission for good cause shown upon the application of either party. To that end the commission may appoint physicians and surgeons to examine the injured workman, who are to report to the commission. The commission then is authorized to hear all competent evidence and upon the evidence it is to find whether the compensation is excessive or inadequate, whether the committee or arbitrator acted without authority or was guilty of serious misconduct, and the statute indicates that an award made or agreed upon is to be reviewed by the commission for any good cause shown. In determining whether the award agreed on is excessive or inadequate it will necessarily have to consider and may set aside an agreement or a release, if the facts warrant it, in order that proper and just compensation shall be paid. Under the earlier acts it was held there was power in the court to set aside a release where it was based on mutual mistake or fraud and where the compensation is grossly inadequate or excessive. It has been held that a release from further liability under an agreement by the parties is such a release as was contemplated by the statute, and as the instrument was an agreement it was subject to be set aside for reasons named in the statute concerning agreements and for any other reason known to the common law. It was further held that if the compen-

sation was grossly inadequate and there was mutual mistake of fact, as to the extent of the injuries, the agreement and release should be set aside. (*Weathers v. Bridge Co.*, 99 Kan. 632, 162 Pac. 957. See, also, *Dotson v. Manufacturing Co.*, 102 Kan. 248, 169 Pac. 1136; *Wolf v. Packing Co.*, 105 Kan. 317, 182 Pac. 395; *Miller v. Gas & Fuel Co.*, 108 Kan. 124, 129, 193 Pac. 896; *Crawn v. Packing Co.*, 111 Kan. 573, 207 Pac. 793; *Cramer v. Railways Co.*, 112 Kan. 298, 211 Pac. 118.)

Defendants argue that no procedure is provided for setting aside the release and therefore the commission was without authority to take such action. The fact that a detailed procedure is not stated is no reason why the relief provided for may not be granted. The act fairly implies that agreements and releases may be set aside if grounds therefor are shown. So far as procedure is concerned, section 23 of the act of 1927 provides:

"The committee, arbitrator, commission or court, shall not be bound by technical rules or procedure, but shall give the parties reasonable opportunity to be heard and to present evidence, and shall act reasonably without partiality," etc.

The ordinary procedure for hearings before the commission may be used and its findings and decisions made without regard to technical rules of procedure. The fair implication of the act is that any procedure which is appropriate and not prohibited may be employed. The setting aside of a receipt or release is contemplated by the statute, and from the origin of the compensation law it had been held that a final receipt and release might be set aside upon sufficient grounds. This was accomplished under the old law in a review by the district court without definite provisions of procedure. Under the new law the same remedy is given, but the exercise of the power has been transferred to the commission and it may now exercise the powers formerly vested in the district court, with this exception and the further limitation of one year within which an application to set aside an agreement or release must be made. Substantially all the provisions of the earlier acts in this respect have been retained in the later one. Manifestly the legislature in placing the review in the commission instead of the court was endeavoring to make the remedy still more simple, summary and complete, and that a conclusion of the matter might be reached with less delay. The act of 1927, in providing for the administration of the law, enacted that—

"Whenever the word 'commission' is used in this act it shall be construed to mean the public service commission of the state of Kansas, and full jurisdiction and power is hereby conferred upon such public service commission for the supervision of the administration of this act." (§ 33.)

In another section it is provided that—

"All hearings upon all claims for compensation under this act shall be held by the commissioner or examiner in the county in which the accident occurred unless otherwise mutually agreed," etc. (§ 34.)

There are other provisions in the act pointing to the purpose that the commission was to determine all questions arising on reviews, awards, agreements and releases theretofore conferred on the district court. It was competent for the legislature to place this power on the commission or other tribunal or officer. In a case where it was contended that an arbitrator did not have the power to consider and determine the validity of a release, it was said:

"It is competent for the legislature to confer judicial power upon any tribunal or court inferior to the supreme court, and even if an arbitrator is regarded as an independent court, no reason is seen why he may not be vested with jurisdiction to hear and determine any question pertaining to the right of a workman to compensation which has been expressly referred to him in the order of appointment." (*Crawn v. Packing Co.*, 111 Kan. 573, 577.)

There it was determined that an agreement and release given under a mutual mistake of the parties as to the nature and extent of the injury of the workman might be set aside.

We conclude there was authority in the commission to set aside the agreement and release and to make such an award as it determined was fair and equitable.

There is a contention that the evidence did not warrant the setting aside of the release and the increase of the award. Within the authorities cited and the evidence, which it is unnecessary to set out at length but which is deemed to be ample, we hold that the findings of the commissioner, which were approved by the district court upon appeal, must be upheld.

The judgment is affirmed.