No. 32,268

CORDA MAY BAXTER, a Minor, by ARVILLA BAXTER, Her Guàrdian, *Appellee,* v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, *Appellant.*

(41 P. 2d 999)

528

Opinion filed March 9, 1935.

*Luther Burns, J. E. DuMars,* both of Topeka, and *W. A. Barron,* of Phillipsburg, for the appellant.

*T. D. Relihan, A. W. Relihan, Miles Elson* and *J. T. Reed,* all of Smith Center, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: This was a compensation case where the point involved is the power and right of the compensation commissioner to reapportion an award. The case was here before, and the decision rendered therein is reported in 139 Kan. 443, 32 P. 2d 451.

The compensation commissioner had made an award of $4,000 for the death of the workman, and had apportioned it equally between the wholly dependent widow and the wholly dependent minor child, $2,000 each. The respondent appealed to the district court where the award and apportionment were affirmed, from which judgment the defendant railroad company appealed to this court where, as shown by the opinion, the judgment was affirmed as to the minor child but reversed as to the widow because of her failure to make the required claim in writing within the time prescribed by statute. After the mandate had been spread of record in the district court, the widow, as guardian for the minor child, filed with the compensation commissioner a motion to reapportion the award, claiming that the minor child was entitled to the full amount of the $4,000 award instead of the $2,000 apportioned to it theretofore. The respondent filed with the compensation commissioner a motion to dismiss the motion of the guardian to reapportion the award because the commissioner was without jurisdiction to make reapportionment, and because the decision of this court in affirming the judgment of award and allowance to the minor was final. The compensation commissioner overruled the motion to dismiss the motion to reappor-

tion the award and did reapportion the award by apportioning all of it, or $4,000, to the minor child. The respondent appealed from this ruling of the commissioner to the district court where the ruling of the commissioner was affirmed, and the defendant is now appealing to this court from that judgment on two grounds, above stated as being in its motion to dismiss the motion to reapportion the award.

The appellee, in support of the rulings of the compensation commissioner and the district court, relies largely upon R. S. 1933 Supp. 44-513 and 44-528 and the decision of this court in the case of *McCormick et al. v. Coal & Coke Co.*, 117 Kan. 686, 232 Pac. 1071. The statute first above cited is as follows:

"Where death results from the injury and the dependents of the deceased workman, as herein defined, have agreed to accept compensation, and the amount of such compensation and the apportionment thereof between them has been agreed to or otherwise determined, the employer may pay such compensation to them accordingly (or to an administrator if one be appointed) or into any district court having jurisdiction and thereupon be discharged from all further liability for the injury. Where only the apportionment of the agreed compensation between the dependents is not agreed to, the employer may pay the amount into the commission, or to the administrator of the deceased workman, or into any district court having jurisdiction with the same effect. Where the compensation has been so paid the commission, or such court upon the application of such administrator or any of such dependents, and upon such notice and proof as it may order shall determine the distribution thereof among such dependents. Where there are no dependents, medical and funeral expenses may be paid and distributed in like manner."

The award would seem to be $4,000 rather than either apportionment of it originally, being the maximum amount allowable to wholly dependents under subdivision (2) of R. S. 1933 Supp. 44-510 in case of the death of the workman.

Appellee urges that the wrong apportionment of the award, giving part of it to the widow when she had not made any claim in writing as required by statute, was equivalent to no apportionment whatever, and therefore would come under the provisions of the statute above quoted authorizing the commissioner to make such reapportionment, which would give the commissioner authority to complete the unfinished part of his duty by apportioning the award already made.

Appellee urges that this is also an implied duty of the commissioner, if for any reason the statutory provisions are not suf-

ficiently definite and specific, as was held with reference to setting aside a release improperly obtained in the case of *Walker v. Kansas Gasoline Co.*, 130 Kan. 576, 287 Pac. 235, in the following language:

"Defendants argue that no procedure is provided for setting aside the release and therefore the commission was without authority to take such action. The fact that a detailed procedure is not stated. is no reason why the relief provided for may not be granted. The act fairly implies that agreements and releases may be set aside if grounds therefor are shown. . . .

"The ordinary procedure for hearings before the commission may be used and its findings and decisions made. without regard to technical rules of procedure. The fair implication of the act is that any procedure which is appropriate and not prohibited may be employed." (p. 581.)

The second and third paragraphs of the syllabus in the McCormick case, *supra*, are as follows:

"The obligation of the employer to pay compensation, the amount to be paid, and of the dependents, considered jointly, to receive it, is fixed by the injury and death of the workman, but apportionment of compensation among the dependents, if made, may be modified when changed conditions require it.

"The employer is not concerned with the question of the apportionment of compensation among dependents wholly dependent."

The only differences between the McCormick case and the case at bar are that the award of $15 per week for the widow and two minor children was there reached by agreement instead of being fixed by the commissioner, and the matter therefore came before the commissioner for the first time when the minors asked the commission for an apportionment when the employer ceased making payments. And the widow in that case remarried, which lost her interest in the award, while in this case the widow never had a legal interest in the award because of her failure to make a proper claim therefor.

Appellee also claims a right to reapportionment by reason of R. S. 1933 Supp. 44-528, called the review and modification section. Now the question is, does this situation as to facts and proceedings, under these statutes and authorities, give the commission jurisdiction to make a reapportionment and not be bound by the finality of the judgment of the district court as to the minor's share and interest as affirmed by this court?

Appellant maintains that the judgment of the district court in favor of the minor for $2,000, from which no appeal was taken by the minor, became final when affirmed by this court, and cites in support of that view *Lenon v. Standard Oil Co.*, 134 Kan. 289, 5 P.

2d 853; *Hurst v. Independent Construction Co.,* 136 Kan. 583, 16 P. 2d 540, and other cases. Both these cases, above cited, are definite along the line urged, but both are cases where review and modification was directly involved, which is quite a different matter from reapportionment. If there is any statutory right of reapportionment of an award, the judgment theretofore rendered cannot in such cases be final. So the matter necessarily goes back to the question of whether under our statutes the right of reapportionment exists.

It might be a strained construction to hold that the statute on review and modification is applicable to the situation here under consideration, but it is quite different with R. S. 1933 Supp. 44-513, above quoted. While that section stresses the payment into court or to the commission of the award agreed upon or found, yet if all the other provisions of the statute apply to the facts in the case at bar, that provision not being repugnant nor inconsistent would not necessarily render it inapplicable, and then there could be no want of jurisdiction in the commissioner to proceed with a reapportionment if the statute really authorized it.

The provision in R. S. 44-510 with reference to the marriage of a dependent not affecting the compensation allowed other dependents, and the construction placed upon that provision in the opinion in the McCormick case, *supra*, are illucidating and helpful here in the matter of reapportioning the entire award, particularly the following portion of the opinion from pages 693 and 694:

"But appellant calls our special attention to the wording of the amendment in R. S. 44-510, 'marriage of any dependent shall terminate all compensation to such dependent, but shall not affect the compensation allowed other dependents.' And it is argued that the word 'affect' means change, to increase or diminish; hence the phrase means that the marriage of any dependent shall not increase or diminish the compensation to be paid other dependents, and therefore the employer may retain what would have been paid to the dependents who married had the marriage not taken place. By this reasoning the employer becomes the financial beneficiary of the married dependent, and the industry is relieved of a part of its obligation, under its statutory contract with the workman, to those wholly dependent upon him, though there are still persons in that class of wholly dependents. The ordinary meaning of 'affect' is to change, increase or diminish; but in a statutory enactment containing a provision that it 'shall not affect' a certain class of persons, it is held to mean that the enactment shall not affect the designated class injuriously. (*Ryan et al. v. Carter et al.,* 93 U. S. 78; *Baird v. St. Louis Hospital Ass'n,* 116 Mo. 419, 427.) That is the sense in which it is used here, though perhaps either

meaning will produce the same result. Now let us consider the application of this amendment to the plaintiffs in this case. They are two minor children of the deceased workman, and were wholly dependent upon him at the time of his accidental death. That is agreed. They were, and still are, members of that class of persons entitled to receive under the law the full amount of compensation, and they were entitled to receive the full compensation, if they were the only persons wholly dependent. That right is not affected by the marriage of some other dependent, or at any rate not injuriously affected."

In 2 Schneider's Workmen's Compensation (2d ed.), page 1309, it is said:

"When deceased employee left surviving a widow and several children, on the remarriage of the widow and on some of the children passing the age of eighteen, the remaining dependents were entitled to the benefit of the full award."

Many decisions are cited by appellant as to the workmen's compensation act prescribing its own procedure rather than the rules prescribed in the civil code and the limitation of procedure and jurisdiction thereunder, but if the special statute provides for a reapportionment there could be no want of jurisdiction in the compensation commissioner to proceed to make such, and the apparent finality of a former judgment would not prevent such procedure.

We find no error in the ruling of the district court affirming the ruling of the compensation commissioner in reapportioning the $4,000 award and giving all of it to the minor child instead of $2,000 theretofore given such minor.

The judgment is affirmed.

BURCH, HUTCHISON and THIELE, JJ., dissenting.