No. 34,334

Virgil A. Farr, *Appellee*, v. The Mid-Continent Lead & Zinc Company, Self-insurer, *Appellant*.

(92 P. 2d 124)

Opinion filed July 8, 1939.

*F. W. Boss, Marc Boss,* both of Columbus, *Vern E. Thompson* and *Loyd E. Roberts,* both of Joplin, Mo., for the appellant.

*Charles Stephens* and *Jerome Harman,* both of Columbus, for the appellee.

The opinion of the court was delivered by

Smith, J.: This is a workmen's compensation case. Judgment was for claimant. Defendant appeals.

The first question to be settled is the jurisdiction of the commission to set aside an award. Therefore, the facts bearing on that matter, which are not disputed, will be stated first.

The claimant was injured on July 31, 1937, when a rock rolled down a slope where he was working and hit him on the leg. This injury developed a swollen condition toward evening. The next morning he was placed under the care of the company doctor. On August 5 he was put in bed in the hospital, where he remained until September 18, 1937. On September 18 he was returned to his home, where he remained in bed for two weeks. On one occasion one of

the doctors at the hospital told him he would see the straw boss at the mine and see if he could not get him some light work. The doctor stated that the exercise would be good for him. The boss at the mine told him, however, that they had no light work. During this time the company doctor diagnosed the trouble of claimant as "inflammation of the lymphatics" of the left leg. On October 30, 1937, a joint petition and stipulation was filed with the commission. This petition recited that both parties were operating under the workmen's compensation act; that respondent was a self insurer, and that claimant met with a personal injury arising out of and in the course of employment with respondent. The petition then stated the diagnosis of the company doctor and gave his opinion that the disability of the workman would last for about three months, during which time he would be able to do light work. The stipulation then stated that the weekly rate of compensation to which claimant was entitled was $13.68; that all medical and hospital bills which had been incurred would be paid by respondent, and that the claimant had been paid eleven weeks compensation at the rate of $13.68 per week, or $150.48.

The parties agreed that the balance of compensation to claimant should be paid in a lump sum of $150. The reason for the lump-sum payment was given in an affidavit by claimant wherein he stated that such a payment would be more beneficial to him than the payment of a weekly compensation because by the investment of the $150 he could secure light work.

The stipulation then contained the following paragraph:

"The parties hereby waive notice and formal hearing herein and agree that the commissioner of workmen's compensation may make and enter an award herein, based upon the facts as set forth, said award to be binding and of the same effect as if the facts had been testified to and adduced at a formal hearing (and that said settlement will be accepted in full settlement of all claims arising out of or connected with said injury) that the costs herein may be taxed and assessed to the respondent."

This stipulation was signed by claimant and his attorney and by respondent, and was submitted to the commissioner of workmen's compensation on November 2, 1937. That officer made an award in which he recited the above facts, and in which it was provided as follows:

"6. That the parties agree the balance of compensation to claimant shall be paid in a lump sum of $150 in full settlement.

"7. The commissioner further finds the parties waive notice and formal

hearing and agree that an award may be entered herein based upon the facts as set forth, said award to be binding and of the same effect as if the facts had been testified to and adduced at a formal hearing, and that said settlement will be accepted in full settlement of all claims arising out of or connected with said injury, and that the costs herein may be taxed and assessed to the respondent.

"The commissioner is of the opinion by reason of the foregoing stipulated facts that the claimant herein is entitled to compensation in the amount of one hundred fifty dollars ($150) in addition to the compensation heretofore paid, and that the respondent is liable to claimant for same. That in addition to such compensation the respondent, on behalf of claimant, shall pay all medical and hospital expenses incurred.

"Wherefore, award of compensation is hereby made in favor of the claimant, Virgil A. Farr, and against the respondent, Mid-Continent Lead & Zinc Company, a self insurer, in the amount of one hundred fifty dollars ($150), in addition to the compensation heretofore paid, and the agreement between the parties that the compensation awarded herein be paid in one lump sum is hereby approved.

"Further award is made that the respondent pay the medical and hospital expense incurred herein."

On November 8, 1937, the receipt of claimant showing payment of the award of November 2, 1937, in full was filed with the commissioner. In this receipt the claimant acknowledged receipt of $300.48, which was the amount of the $150 provided for in the award, together with the amount paid prior to that time.

On June 6, 1938, counsel for claimant filed a letter with the commission, in which claimant asked that the settlement just referred to be set aside on the ground of fraud and mutual mistake.

Respondent appeared and asked that this application be dismissed on the ground that the commission had no jurisdiction. On the filing of this motion claimant filed a more detailed application to set the settlement aside. This application set out some details with which we are not concerned just now, and alleged that the company doctor had told claimant that his injuries were only temporary, but that he was mistaken as to that; that both parties had relied on this statement of the doctor and had entered into the stipulation, when in truth and in fact claimant's condition was a permanent injury to his left leg, which injury would continue for the balance of his life.

The application further recited the treatment claimant had received at the hospital; that he had followed the directions of the doctor who was employed by respondent; that the doctor had stated to claimant that he was practically cured, and that it would be only a matter of three months until he could go back to his work; that

the company doctor made the above statements while acting for and on behalf of the respondent, and was authorized to represent them in examining claimant and discovering and disclosing to claimant his physical condition; that being induced by these statements claimant signed a paper of some kind presented by respondent; that at the time of his signing this stipulation claimant's injuries were not temporary and it was not true that he had suffered no permanent injury, all of which was well known to respondent or with the exercise of reasonable care should have been known to it. The application further stated that the company doctor told both claimant and respondent that the injuries of claimant were only temporary and both claimant and respondent relied on this statement, when in truth and in fact his injuries were not temporary, but permanent.

The application further stated that the settlement in the sum of $150 was grossly inadequate, for the reason that it only embraced compensation due him for three months, whereas as a direct result of the injury claimant was entitled to compensation for permanent disability, and the consideration for the agreement was insufficient and unconscionable, and based upon a false representation by the doctor and mutual mistake of fact by claimant and respondent.

The prayer of the application was that the settlement and final receipt be set aside; that the commission set a date for the hearing and upon this hearing determine the extent of the disability of claimant and make an award of compensation in accord therewith.

Respondent filed a motion to dismiss this application on the ground that the commission had no jurisdiction of it. This motion was overruled and the application was heard on its merits. The commissioner in his history of the case made a statement as follows:

"As to the question of setting aside the final release and award on joint petition and stipulation, the commissioner is of the opinion that the joint petition and stipulation filed on November 1, 1937, was nothing more nor less than a final release. No hearing was had as contemplated by the compensation act for the purpose of taking testimony, and the award issued was nothing more nor less than a written approval of an agreed settlement. Under such circumstances the claimant has a year within which to begin proceedings to set aside a final release, and claimant did institute proceedings to set aside the agreed settlement or final release and award within one year. The commissioner is therefore of the opinion and finds that the agreed settlement as set forth by the joint petition and stipulation, the award and the final receipt and report should be and the same are hereby set aside and held for naught."

The commission made findings that the weekly compensation rate to which claimant was entitled was $13.68; that the joint petition

and stipulation and award and final receipt should be set aside, and the claimant was found to be entitled to compensation for a period not to exceed 415 weeks at the rate of $13.68 per week. The compensation then due and owing claimant was found to be for seventy weeks, or $957, which should be paid in one lump sum, and the balance paid at the rate of $13.68 per week. An award was made accordingly.

From this award the respondent appealed to the district court. That court considered the case on the transcript of evidence that was before the commissioner, and made findings as to the facts about as they have been detailed here, and further made the following finding:

"The court further finds that in making such settlement the claimant believed, acted and relied upon the statements made to him by respondent's doctor, M. A. Connell, and respondent's claim adjuster, Wesley Bullock, as to his condition, the nature and extent of his injury, and, assuming that said doctor and said claim adjuster were acting in good faith in negotiating and making such settlement, the court finds that the claimant and the respondent, acting through its doctor and claim adjuster, as its agents, were mutually mistaken as to the condition of claimant and the character and extent of his injury as same existed at the time of making such settlement; and the court further finds that the amount paid claimant by respondent in such settlement, was grossly inadequate, and that the settlement, joint petition and stipulation, and the award of November 2, 1937, and final receipt should be set aside and held for naught and further compensation should be granted.

"The court finds that the award of the workmen's compensation commissioner made on November 2, 1937, amounted to nothing more or less than the written approval by the commission of an agreed settlement entered into by and between the parties and that section 28 of the compensation act (G. S. 1935, 44-528) is not a bar to claimant's cause of action, and that, under section 27 of the compensation act (G. S. 1935, 44-527) claimant is entitled to relief on the ground of mutual mistake of fact."

Judgment was entered in accordance with the above findings. Respondent has appealed to this court.

The first argument of respondent is that the commission's award of November 2, 1937, based upon an agreed statement of facts embodied in the joint petition and stipulation was a judgment of the commission and is controlled by G. S. 1935, 44-528, and that after the final payment of the award provided for therein the commission lost jurisdiction of the cause.

G. S. 1935, 44-528, provides as follows:

"At any time before but not after the final payment has been made under or pursuant to any award or modification thereof agreed upon by the parties,

it may be reviewed by the commission upon good cause shown upon the application of either party, and in connection with such review the commission may appoint a physician or surgeon, or two physicians or surgeons to examine the workman and report to the commission, and the commission shall hear all competent evidence offered, and if it shall find that the award has been obtained by fraud or undue influence, or that the committee, or arbitrator, making the award acted without authority, or was guilty of serious misconduct, or that the award is excessive or inadequate, or that the incapacity or disability of the workman has increased or diminished, the commission may modify such award upon such terms as may be just by increasing or diminishing the compensation subject to the limitations hereinbefore provided in this act; and if the commission shall find that the workman has returned to work for the same employer in whose employ he was injured or for another employer and is earning the same or higher wages than he did at the time of the accident or injury, or is gaining an income from any trade or employment which is equal to or greater than the wages he was earning at the time of the accident or injury, or shall find that the workman has absented himself and continued to absent himself so that a reasonable examination cannot be made of him by a physician or surgeon selected by the employer, or has departed beyond the boundaries of the United States, the commission shall cancel the award and end the compensation: *Provided,* That the provisions of this section shall not apply to an award of compensation provided for in the schedule of specific injuries in section 10 (44-510) of this act."

Attention is called to the first provision of the above section, which provides that the action contemplated by the commission may be taken "at any time before but not after the final payment has been made under or pursuant to any award or modification thereof agreed upon by the parties."

Respondent points out that the application to set aside the award in this case was made after the final payment.

Claimant points out G. S. 1935, 44-527. That section is as follows:

"At the time of making any final payment of compensation, the employer shall be entitled to a final receipt for compensation, executed and acknowledged or verified by the workman, which final receipt may be in form a release of liability under this act, and every such final receipt for compensation or release of liability or a copy thereof shall be filed by the employer in the office of the commission within sixty (60) days after the date of execution of such final receipt or release of liability, and if the employer shall fail or neglect to so file such final receipt or release of liability, the same shall be void as against the workman. The commission shall accept, receipt for, and file every agreement, finding, award, agreement modifying an award, final receipt for compensation or release of liability or copy thereof, and record and index same, and every such agreement, finding, award, agreement modifying an award, final receipt or release, shall be considered as approved by the commission and shall stand as approved unless said commission shall, within twenty (20) days of the date of the receipt thereof, disapprove same in writing and

notify each of the parties of its disapproval, giving its reasons therefor, sending a copy of the same to each of the parties by registered mail: *Provided,* No proceedings shall be instituted by either party to set aside any such agreement, release of liability, final receipt for compensation or agreement modifying an award, unless such proceedings are commenced within one (1) year after the date any such agreement, release of liability, final receipt for compensation or agreement modifying an award has been so filed and approved by the commission."

The commissioner of workmen's compensation and the trial court both took the position that the so-called award of November 2 was nothing more than a final release under the terms of the above section, and that proceedings could be begun within a year after the giving of the final release to set it aside pursuant to the rule laid down in *Odrowski v. Swift & Co.,* 99 Kan. 163, 162 Pac. 268, where this court held that releases could be set aside on any ground upon which a contract could be canceled, in this case for fraud or mutual mistake of fact. We thus are confronted with the question of which of the two foregoing sections is applicable to this case. If the action of the commission in this case be held to be an award, as spoken of in G. S. 1935, 44-528, then the proceedings to set it aside were brought too late and should have been dismissed.

The joint petition and stipulation, which was executed by both parties, stated that the commissioner might "make and enter an award based upon the facts set forth." Both the claimant and respondent were represented by counsel. Their stipulation was submitted to the commission which acted on it. The instrument by which the commission evinced its action was called an award. This instrument was in terms an award as plain as language could make it.

This court has considered the question of modification of awards many times. In *Corvi v. Crowe Coal & Mining Co.,* 119 Kan. 244, 237 Pac. 1056, the original award had all been paid but the last payment. A check was given for that payment, but was not cashed. Subsequently proceedings were commenced to modify the award on the ground that it was grossly inadequate. The trial court did modify it and on appeal this court affirmed the lower court. This court noted in the opinion, however, that the result would have been different had the check for the final payment been cashed. This court considered R. S. 44-528 in the opinion.

In *DeMillsap v. Century Zinc Co.,* 123 Kan. 570, 256 Pac. 136, the authority of the court to modify an award was said to depend on whether the application was made before or after the final pay-

ment had been made. To the same general effect is the holding of this court in *Murphy v. Cook Construction Co.,* 130 Kan. 200, 285 Pac. 604. (See, also, *Doss v. Cornelison & Kelly,* 124 Kan. 631, 261 Pac. 584.) These authorities have been cited many times, the most recent one being *Hardwell v. St. Louis S. & R. Co.,* 146 Kan. 870, 73 P. 2d 1120.

The legislature at the session of 1927 amended the workmen's compensation act in many particulars. Among these amendments was the addition of the words "but not after" to what is now G. S. 1935, 44-528, so that the language of the section now reads "At any time before but not after final payment had been made." The addition of this language to this section is a clear indication of the intention of the legislature to emphasize the provision that the modifications of an award that had been agreed upon by the parties could not be had after the final payment pursuant to it had been made.

Another persuasive circumstance is that this application to modify the award was filed a long time after the final payment of the award would have been made, had it been made for weekly payments rather than in a lump sum, as it was in this case. Hence, had this award been made for weekly payments the claimant would have been barred by the final payment having been made before the time when this action was filed.

Another circumstance worthy of note is that the last provision of G. S. 1935, 44-527, is as follows:

"No proceeding shall be instituted by either party to set aside any such agreement, release of liability, final receipt for compensation or agreement modifying an award, unless such proceedings are commenced within one (1) year after the date any such agreement, release of liability, final receipt for compensation or agreement modifying an award has been so filed and approved by the commission."

This provision makes no reference to an award. Evidently the legislature did not consider that any proceedings could be instituted to set aside such an award.

There can be no doubt in this case but what the payment made here was final payment of an award. Hence, the application of the claimant to modify this award was filed too late, since it was filed after this final payment was made.

The judgment of the trial court is reversed, with directions to render judgment for the respondent.

SMITH, J. (dissenting): I find myself unable to agree with the opinion of the majority. The majority opinion attaches too much importance to the fact that the instrument by which the commission evinced its approval of the stipulation of the parties was called an award.

Let us examine the underlying reason for the holding by this court that awards entered into by agreement may be set aside on the ground of mutual mistake or fraud. In making such an agreement there is more danger of one party overreaching the other or of both parties being honestly mistaken than if a hearing is had. Surely the law does not contemplate a workman being deprived of a right because on account of his mistake and that of his employer an approval of an agreement to accept a grossly inadequate amount was given by the commission and called an award without authority. That is what this court had in mind when it said:

"The statute contemplates that when parties agree concerning compensation they will do so intelligently, as the law directs, with knowledge of all the facts, neither taking any undue advantage of the other, and each undertaking to ascertain the amount of compensation that should be paid under the statute. Sections 23 and 28 of the act mention a release. A release, as contemplated in this statute, is a discharge of the defendant by the plaintiff from further liability under an agreement of the parties, under an award of arbitrators, or under a judgment of a court which has fixed the amount of compensation that should be paid. The release now in controversy is such an agreement as is contemplated by the statute; it is a receipt for the amount agreed to be paid, and is a release from all further liability for compensation. This instrument, being an agreement, may be set aside for either of the reasons named in the statute concerning agreements, and it may be set aside for any other reason known to the common law." (*Weathers v. Bridge Co.,* 99 Kan. 632, 638, 162 Pac. 957.)

It is worthy of note that final payment had been made in that case. The section 23 mentioned in the above quotation was chapter 218, section 23 of the Laws of 1911. It reads as follows:

"Compensation due under this act may be settled by agreement. Every such agreement, other than a release, shall be in the form hereinafter provided."

This court in *Weathers v. Bridge Co.,* supra, gave the release referred to in that section all the potency of a judgment of a court, yet held it could be set aside for any reason known to the common law for setting aside agreements—in that case as in this "mutual mistake."

In *Dotson v. Manufacturing Co.,* 102 Kan. 248, 169 Pac. 1136, the authority of the district court to set aside final releases for fraud or mutual mistake was recognized.

See, also, *Wolf v. Packing Co.*, 105 Kan. 317, 182 Pac. 395.

In *Walker v. Kansas Gasoline Co.*, 130 Kan. 576, 287 Pac. 235, compensation had been awarded claimant. An application to modify that award was filed by claimant. While this application to modify that award was filed and while it was pending, a stipulation was entered into providing for a lump-sum payment. This payment was made on November 20, 1938, and the claimant signed a receipt. This receipt and release were approved by the commission and the proceedings were dismissed. Within a year the claimant filed with the commission an application for a review and an order setting aside the receipt, in which he alleged that the final receipt and release had been obtained by fraud and mutual mistake, and stated that the settlement made was grossly inadequate and he was entitled to compensation for permanent total disability. The commission heard the application and set the receipt aside and allowed further compensation. In consideration of the appeal this court said:

"It has been held that a release from further liability under an agreement by the parties is such a release as was contemplated by the statute, and as the instrument was an agreement it was subject to be set aside for reasons named in the statute concerning agreements and for any other reason known to the common law. It was further held that if the compensation was grossly inadequate and there was mutual mistake of fact, as to the extent of the injuries, the agreement and release should be set aside." (p. 580.)

In *Crawn v. Packing Co.*, 111 Kan. 573, 207 Pac. 793, a final release had been given by the claimant. The release was set aside for mutual mistake. This court said:

"However that may have been, it is manifest from the evidence that all concerned were mistaken as to the nature of her injuries, and that plaintiff entertained the opinion given to her by the doctor of defendant that she had recovered and she rested in this opinion until an examination was made by three other doctors, which revealed the fact that her injury was permanent in character, and that she would be a cripple for life. There was not only mutual mistake of the parties, but the consideration for the release was grossly inadequate." (p. 575.)

In *Murphy v. Continental Casualty Co.*, 134 Kan. 455, 7 P. 2d 84, this court said:

"Appellant contends, in effect, that the petition states a common-law action for damages because of the alleged fraud of defendant's physician and agent, as a result of which he was induced to execute a final receipt upon payment for the loss of one eye only. Perhaps, as argued by appellee, the petition does not allege facts sufficient for such an action. But we pass that thought. The statute (R. S. 1931 Supp., 44-527) provides a procedure which may be brought at any time within one year for setting aside a final receipt. Under this statute

the compensation commissioner has jurisdiction to hear and determine an application to set aside an agreement, or final receipt, upon the grounds of mutual mistake, fraud, or misrepresentation. (*Walker v. Kansas Gasoline Co.*, 130 Kan. 576, 287 Pac. 235.)" (p. 458.)

It is interesting to notice just what was in the document called "joint petition and stipulation" in this case. In the first place it stated that all parties were subject to the workmen's compensation act; that claimant was injured; the nature of his injury; and that his disability would last three months; his rate of compensation; a statement of the amount due; and the amount paid; a waiver of notice and final hearing and an agreement that the commission might "make and enter an award." What is there in the above stipulation to distinguish it from the release dealt with in the opinions that have just been cited? It is couched in different language than these releases, but it has the same effect and was designed to reach the same end. In a case such as this, where the parties both relied on the same doctor, who was mistaken, there is clearly a mutual mistake, as was found in the authorities cited.

There is no provision in the act for a proceeding such as we have here, only for settlement by agreement. G. S. 1935, 44-521, provides as follows:

"Compensation due under this act may be settled by agreement; subject to the provisions contained in section 27."

The section 27 there referred to is G. S. 1935, 44-527. This is the authority in the act for settling claims for compensation by agreement. We have seen that what is called a joint stipulation and petition is nothing but an agreement. Indeed the commission had no authority to consider it at all if it was not an agreement. Being an agreement for the settlement of a claim for compensation it must, therefore, have been made subject to the provisions of G. S. 1935, 44-527, and can be set aside on the ground of mutual mistake, as has been held uniformly by this court since it first considered workmen's compensation cases.

What did the commission say in the instrument called an award? It simply recited the language of the stipulation and provided that $150 should be paid. Let us note that the joint petition and stipulation was filed October 30, 1937, and the award was made and filed November 2, 1937. What opportunity was there for the mistake to be discovered?

The matter was not closed, however, with the making of the

award. On November 8, 1937, the receipt of claimant for the $150 was filed with the commission. This receipt was filed pursuant to the provisions of G. S. 1935, 44-527. There is no provision for a final receipt in G. S. 1935, 44-528. This final receipt was filed pursuant to G. S. 1935, 44-527, and both actions speak of final payment—one of award and the other of final payment of compensation. The legislature must have intended that the final payment, pursuant to an award, referred to an award that was to run several weeks, as most of them do, and the final payment spoken of in G. S. 1935, 44-527, was any final payment pursuant to an award or made under any other circumstances. There are other provisions in the statute which give weight to this view. G. S. 1935, 44-525, provides in what form the award shall be. The provision with which we are interested is the one as follows:

"Every finding or award of compensation shall be in writing signed and acknowledged by the arbitrator or by the secretary of the committee hereinbefore referred to, or commission, and shall specify the amount due and unpaid by the employer to the workman up to the date of the award, if any, and the amount of the payments thereafter to be paid by the employer to the workman, if any, and the length of time such payment shall continue. No award shall be or provide for payment of compensation in a lump sum. . . ."

Does this language mean anything at all? This section says the award shall specify—

"the amount due and unpaid";
"the amount of the payments [not payment] thereafter to be paid";
"the length of time such payment shall continue."

Not satisfied with this, the section then forbids an award for compensation in a lump sum. How do the advocates of strict construction of the statute avoid the effect of this language? The section was evidently not inserted in the statute inadvertently. G. S. 1935, 44-529, provides that at any time before final payment of compensation has been made the workman may institute proceedings to have the compensation due him paid in a lump sum equal to ninety-five percent of the amount of payments due and unpaid. The commission cannot order the compensation paid in a lump sum, however, unless it is satisfied that the application is made because of doubt on the part of the workman as to the security of his compensation and unless there is competent evidence that the workman is not secure.

G. S. 1935, 44-531, provides as follows:

"Where payments under an award have been made for not less than six (6) months, the liability under such award may be redeemed by the employer at his option by the payment to the workman of a lump sum equal to ninety-five (95) percent of the amount of payments due and unpaid and prospectively due under the award, such amount to be determined by agreement, or, in default thereof, upon application of either party, upon notice to the other party by the commission. Upon paying such amount, the employer shall be discharged of and from all further liability under said award."

It will be noted that the lump sum cannot be paid under that section until payments have gone on for at least six months. These statutes have been referred to here because they are all a part of the workmen's compensation act. This act is a comprehensive plan for dealing with the subject. All sections should be construed together, and an effort made as nearly as possible to give effect and meaning to each section. These sections lead me to the conclusion that the word "award" as used in the act means just what G. S. 1935, 44-525, says it means, and not a lump-sum payment. Any other conclusion will nullify the sections to which I have just referred.

By the enactment of these statutes the legislature sought to prevent a situation such as we have here, where a payment was made in a lump sum approved by the commission and accepted by the claimant through a mistake of fact. This becomes manifest when the provisions of the section are examined. The grounds upon which the commission may modify an award pursuant to G. S. 1935, 44-528, are much broader than are contemplated by the application here. They are that the award was obtained by fraud or undue influence. Also, that the committee acted without authority or was guilty of serious misconduct or that the award is excessive or inadequate, or the incapacity or disability of the workman has increased or diminished.

The section then provides that upon finding any of the above situations to exist the commission may modify the award by increasing or diminishing the compensation. Clearly none of these conditions could be discovered before final payment where final payment is made immediately after the filing of the stipulation, upon which it is made. The relief provided for is much broader than a court of equity would grant. Such a court would not grant relief on the ground that the disability had increased or diminished or that the award was excessive or inadequate unless some other ground was established.

There are a number of authorities cited and relied on in the prevailing opinion, but they are all cases where the relief sought was a modification of an award on some of the grounds set out in G. S. 1935, 44-528. I find no case where relief has been denied the claimant when the ground upon which it was sought was fraud or mutual mistake. This opinion does that for the first time.

Some reference is made by respondent to the addition of the words "but not after" to G. S. 1935, 44-528, at the session of 1927. It seems to me that this language might have been added to make doubly sure that the employer would not endeavor after final payment had been made to take advantage of the many provisions of the sections providing for reducing the compensation and attempt to collect these payments from the workman. Furthermore, this provision does not confer the right to set the release aside. It is only a limitation on it as to time. The right itself springs from equity principles that are far older than this statute.

The argument is made that the legislature intended greater weight should be given an award such as this because the facts were submitted to the commission and passed on by it. What facts? All the parties were mistaken as to the only fact in controversy here, that is, the extent of the disability of claimant. The commission was no better off than the parties. What sanctity is there about a commission which prevents its mistake from being corrected? What opportunity was afforded anyone to discover a mistake when the stipulation was filed on October 30, the award made November 2, and the final receipt filed eight days later?

Respondent argues that under the record in this case to hold that section 27 of the workmen's compensation act is applicable absolutely destroys section 28. This contention is not well taken. Both sections have a legitimate place in the workmen's compensation act. Section 28 provides a remedy before compensation allowed has been paid in full. Under this section, if the injury to the workman is found to be such that the amount allowed is grossly inadequate, before all the payments are made that question can be raised; or, if the employer finds that the award was excessive because of the fact that the injury proved not to be so great as it was thought by the examiner to be at the time the award was made, he can move for a modification. Section 27 is not available in such a case. Obviously, the legislature thought there might arise situations involving no

award in which after final payment had been made, it would be discovered that the payment was grossly inadequate, and that the amount previously determined upon had been reached through mutual mistake or fraud or ought in fairness to be set aside. The case before us seems to be an appropriate one for the application of this section because of the lump sum paid and the mutual mistake as to the extent of the claimant's injury.

There is no serious contention that the award now appealed from is unjust, insofar as it applies to the injury now known to have been sustained by the claimant. If claimant is now defeated it is because only of an order entered earlier which was induced by the mutual mistake of the parties. G. S. 1935, 44-527, was intended to avoid such a result.

HARVEY and ALLEN, JJ., concur in the foregoing dissenting opinion.